31191. ETOWAH HEADING CO. v. ANDERSON.

PARKER, J. The award made by the single director, including the finding that the injury resulted in a 75 percent permanent partial disability to the right arm of the claimant, which was affirmed by all of the directors of the State Board of Workmen's Compensation, was supported by the evidence and the superior court did not err in affirming it. Where there is any evidence to sustain an award it is conclusive upon the courts in the absence of fraud. See *Webb* v. *General Accident Fire &c. Insurance Co.*, 72 *Ga. App.* 127 (33 S. E. 2d, 273), and citations.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*

ON MOTION FOR REHEARING.

PARKER, J. The plaintiff in error moves for a rehearing on the ground that there was no evidence to support the finding of any injury or disability to the arm of the claimant, and on the ground that the court overlooked certain decisions from the courts of other States which would demand a different ruling by this court.

As to the first ground of the motion, the record shows that Dr. Mims, the board's disinterested physician, upon examining the claimant found that he had "a 75 percent permanent partial disability to the right arm." Dr. Askew, who appears to have examined the claimant at the request of the plaintiff in error, found that the claimant had "approximately 80 percent permanent partial disability of the right arm." On oral examination he testified that the claimant had reported "breaking his right arm and right hand," and that he had examined the claimant, particularly the right arm and hand, which examination of the right arm developed a very definite disability that could be observed from across the table. He testified also that: "I was questioned as to whether the disability should be placed on the hand or not, and it was my opinion that it could not, due to the fact that the ankylosis to the wrist caused a definite disability to the arm and there was an absolute atrophy of the forearm. It was my opinion that he had 90 percent permanent partial disability of the right arm."

On the second contention that we overlooked rulings by the courts of other States, demanding a different holding, it is sufficient to say that decisions from other States are not controlling on the courts of this State, no matter how persuasive they may be. "The courts of each State are free to decide for themselves questions as to the construction of the constitutional or statutory provisions of their own States . . and are not bound by the decisions of the courts of other States on similar questions." 21 C. J. S., Courts, § 204; *Hooper* v. *Almand*, 196 *Ga.* 52, 67 (25 S. E. 2d, 778). *Rehearing denied.*

DECIDED APRIL 18, 1946. REHEARING DENIED MAY 10, 1946.

*James Maddox,* for plaintiff in error. *M. G. Hicks,* contra.