## 44149. WILLIAMSON et al. v. LUNSFORD.

BELL, Presiding Judge. 1. Here a party plaintiff served with interrogatories ignored them. He did not appear at a hearing ordered by the judge for the purpose of determining why answers to the interrogatories should not be made. Following that hearing the court ordered the party to answer the interrogatories fully and under oath within 30 days. The order was not complied with. Under these facts, the court did not abuse its discretion by entering a default judgment and assessing costs against the party. See *Milholland v. Oglesby,* 223 Ga. 230 (154 SE2d 194).

2. Interrogatories served on a party must be answered by the party separately and fully in writing under oath. *Code Ann.* § 81A-133. The judge below properly held that an unsworn writing by the party's counsel did not constitute an answer.

3. The discovery provisions of the Civil Practice Act repose much responsibility on the bar and demonstrate a great confidence in the bar. Neither should be abused. Ample safeguards exist to preclude oppressive and unfair questions. See *Code Ann.* § 81A-133. Conversely, a very broad discretion in applying sanctions is granted trial judges in order to assure compliance. See *Code Ann.* § 81A-137.

4. Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act.

5. The burden is on a party served with interrogatories to show to the judge why the questions should not be answered. On showing made, the judge is empowered to enter any protective order that is just. *Code Ann.* § 81A-133. In absence of such a showing coupled with a subsequent refusal of the party to comply with an order compelling an answer, the judge in his discretion may apply against the party or his counsel any combination of the broad sanctions authorized. *Code Ann.* § 81A-137.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

ARGUED JANUARY 8, 1969—DECIDED FEBRUARY 26, 1969.

*P. L. Wayman,* for appellants.
*Greer, Sartain & Carey, Jack M. Carey,* for appellee.