44574. DEAN v. GAINESVILLE STONE COMPANY, INC.

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 2, 1969—REHEARING DENIED SEPTEMBER 19, 1969.

William C. Dean, *pro se.*

*Greer, Sartain & Carey, Joe B. Sartain, Jr., Howard T. Overby,* for appellee.

BELL, Presiding Judge. Under the discovery provisions of the Civil Practice Act, a trial judge is authorized to direct parties to an action to produce pertinent documents for inspection, copying or photographing. *Code Ann.* § 81A-134 (a). A broad discretionary power is given to the judges by the Act to assure safeguards against oppressive and unfair questions and demands. Conversely, a very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure com-

pliance with the orders of the courts. By *Code Ann.* § 81A-137 (b) (2) (iii) the courts are specifically granted the discretion to dismiss complaints or to render default judgments against disobedient parties. This applies to the disobeying of an order to produce. Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622). Under the facts in this case, we cannot say the trial judge abused his discretion.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*