### 44794. SIEFFERMAN v. KIRKPATRICK.

EVANS, Judge. This is an action to vacate and set aside a judgment pursuant to Section 60 of the Civil Practice Act (*Code Ann.* § 81A-160; Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240) alleging that a judgment was entered against the defendant in favor of the plaintiff and without a verdict or judgment being entered with respect to defendant's counterclaim; that there is no available record of the court showing the matter was set down for the trial calendar for the date of the verdict and judgment, and that prior thereto, the plaintiff's petition was dismissed with prejudice; that defendant-counterclaimant and his attorney had no notice whatsoever of the case purportedly coming on for trial, or that any judgment was purportedly entered until a summons of garnishment was filed against him. He further alleges that the case was not ripe for trial in that renewed and additional demurrers had been pending since 1966, including general demurrers, and that all of the foregoing defects appear on the face of the record and constitute separate grounds for setting aside the judgment. The motion was denied, and the appeal is from that judgment. *Held:*

1. A motion to set aside a judgment allegedly void on its face does not require a brief of evidence where the questions presented by such motion do not require consideration of the evidence. *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475 (116 SE2d 620). Accordingly, the motion to dismiss is without merit.

2. This action was filed under the old civil procedure. The record shows that on the 21st of May, 1966, the plaintiff was served with interrogatories requiring an answer within 15 days from the date of service as provided by law. On June 14, 1966, in response to a motion to compel answers to these interrogatories or the action to stand dismissed, the lower court issued its order requiring the plaintiff "to file and serve his answers to said interrogatories upon counsel for defend-

ant-counterclaimant on or before the fifth day following date of this order or else his petition shall stand dismissed with prejudice without further order of the court." This order was dated the 14th day of June, 1966, and filed in the office of the clerk on that date. The plaintiff answered these interrogatories on the 20th day of June, 1966, but without their being sworn to in accordance with the law. Since this order compelled the plaintiff to answer within five days or else his petition to stand dismissed, it was filed too late, and the petition was automatically dismissed upon the failure to file within that time. See *Code Ann.* § 38-2111 (d) (Ga. L. 1959, pp. 425, 440; 1962, pp. 684, 685) ; *Code Ann.* § 81A-160 (Ga. L. 1966, pp. 609, 662) ; *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622) ; *Howell v. Fulton Bag &c. Mills,* 188 Ga. 488, 490 (4 SE2d 181) ; *Ocmulgee Electric Membership Corp. v. Taylor & Son,* 115 Ga. App. 44 (153 SE2d 666) ; *Northside Manor v. Vann,* 219 Ga. 298 (133 SE2d 32). This judgment dismissing the main petition was authorized by the law giving trial judges a broad discretion in applying sanctions to assure compliance. See *Code Ann.* §§ 38-2111 (Ga. L. 1959, pp. 425, 440; 1962, pp. 684, 685), 81A-137 (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235).

3. Said interrogatories must be answered fully in writing under oath. *Code Ann.* §§ 38-2108 (Ga. L. 1959, pp. 425, 437), 81A-133 (Ga. L. 1966, pp. 609, 646). Since the record shows the jurat was not attached to the answer until an amendment dated July 12, 1966, it also came too late, and there was no proper answer to the interrogatories filed in time if the time of filing for any reason could not have been legally accomplished in five days. See *Williamson v. Lunsford,* 119 Ga. App. 240, supra. The petition stands dismissed.

4. The old civil procedure requires that in all cases demurrers, pleas and answers shall be disposed of in the order named, and it appears that demurrers have not been disposed of. See *Code Ann.* § 81-1002; *Fireman's Ins. Co. v. Oliver,* 53 Ga. App. 638 (186 SE 706) ; *Anderson v. Fulton County Home Builders,* 147 Ga. 104 (92 SE 934) ; *Southern R. Co. v. Town of Temple,* 209 Ga. 722 (75 SE2d 554) ; *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475, supra; *Morgan v. Western Auto Supply Co.,* 102 Ga. App. 648, 652 (117 SE2d 253). But the new procedure was in effect on November 17, 1967, when the verdict and judgment was

taken. The effective date of the new Georgia Civil Practice Act was September 1, 1967, to govern all proceedings "in actions brought after it takes effect and also further proceedings and actions then pending except to the extent that in the opinion of the court its application in a particular action pending when this Act takes effect would not be feasible or would work injustice, in which event the former procedure applies." *Code Ann.* § 81A-186 (Ga. L. 1966, pp. 609, 671; 1967, p. 8; 1967, pp. 226, 250). Since under § 81A-183 (Ga. L. 1966, pp. 609, 670) the lower court may have adopted local court rules governing its practice as to cases pending on the effective date of the new Civil Practice Act, we cannot determine whether or not the verdict and judgment applied to the counterclaim, which, seemingly, has not been passed upon. Whether or not local rules apply to the assignment of cases for trial and notice thereof, the petition here alleges no notice of trial or the placing of the case on the regular trial calendar. *Code Ann.* § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245) requires such notice under the new procedure. But in any event the counterclaim remains for trial if the averments of this petition are true. The court erred in denying the motion to vacate and set aside the judgment.

*Judgment reversed. Jordan, P. J., and Whitman, J., concur.*

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 11, 1970.

*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellant.
*E. T. Hendon, Jr.,* for appellee.