46345.   MORTON v. RETAIL CREDIT COMPANY et al.

JORDAN, Presiding Judge. Morton appeals from a dismissal of his claim for libel as to all parties because of his unexcused delay in serving answers to interrogatories.

If a party "wilfully fails to serve answers to interrogatories submitted under section 81A-133, after proper service . . . the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof." CPA § 37 (d); *Code Ann.* § 81A-137 (d). For the effect of involuntary dismissal, see CPA § 41 (b); *Code Ann.* § 81A-141 (b). The party served, unless he pursues an allowable course of action to avoid or delay answering, "shall serve a copy of the answers on the party submitting the interrogatories within 15 days." CPA § 33; *Code Ann.* § 81A-133. "Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act." *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622).

In a two-paragraph complaint, as authorized under the CPA, plaintiff merely alleged jurisdiction, a libel and resulting damage. Defendant corporation Retail Credit Company timely answered and on October 14, 1970, filed interrogatories seeking details of the alleged libel, supported by a certificate of service by mail of the same date. In a letter dated November 12, 1970,

counsel for the corporation enclosed a copy of the interrogatories and informed counsel for the plaintiff that as of that date no answers had been received, and that "we will take such action as is indicated, including the filing of appropriate motions, if the answers to these interrogatories are not forthcoming by November 20, 1970." An attorney for the plaintiff replied by letter dated November 17, 1970, in which he stated he was sending a copy of the letter to another attorney for the plaintiff "assuming that he will contact you and the others to whom we owe answers to the interrogatories and get some additional time in this matter." On November 18, 1970, counsel for the corporation answered this letter with a statement disclosing a "desire to be reasonable" and also stating, "but unless we are able to have some definite understanding before December 1st, we will be forced to take appropriate action." On December 3, 1970, counsel for the corporation filed a motion seeking relief by dismissal or judgment by default on account of the failure to answer the interrogatories, and notified counsel for the plaintiff that a hearing would be sought on December 17, 1970 at 10 a.m. or as soon thereafter as counsel could be heard.

On October 19, 1970, counsel for one of the individual defendants, Carlton, filed his interrogatories, supported by a certificate of service by mail dated October 16, 1970. In a letter dated November 10, 1970, he advised counsel for the plaintiff that according to his calculations, allowing 3 days for service by mail, the answers were due on November 3, 1970. He closed by stating that having received no request for additional time, "I assume you are putting the final touches on your answers. I further assume we may expect your answers presently." On December 4, 1970, counsel for this defendant moved to dismiss because the plaintiff had "wilfully failed to serve answers under § 81A-133." The notice on this motion also specifies a hearing at 10:00 a.m. on December 17, 1970, or as soon thereafter as counsel could be heard.

Answers to the interrogatories were filed with the clerk of the trial court on December 21, 1970, supported by a certificate of service by mailing on December 16, 1970.

There is nothing in the record to excuse the failure to serve an-

swers as required by law, or to show that the plaintiff, through counsel, sought by authorized action to obtain a delay or extension of time in which to serve answers. After a hearing and argument of counsel, the trial judge sustained the motions and dismissed the complaint as to all parties on March 1, 1971.

In our opinion the record on appeal clearly supports the action of the trial judge.

It is suggested in the dissent that the ruling in *Hobbs v. New England Ins. Co.*, 212 Ga. 513 (2) (93 SE2d 653), decided July 12, 1956, is binding on this court and requires a ruling different from that reached herein. In that case the Supreme Court noted that the record disclosed that there was a sworn response to the interrogatories before the court and stated (p. 516) that "under the provisions of *Code* § 38-1204 the court would not be authorized to strike the defendant's plea and answer, where the interrogatories were before the court." *Code* § 38-1204, as there involved in respect to a corporate party, states that "the court may dismiss the case or strike the plea, according as the party corporation may be plaintiff or defendant, upon the failure of any of its officers or agents to give testimony or to execute and return interrogatories *as provided by law."* (Emphasis supplied). As provided by the applicable law then in effect, former *Code* § 38-1202 (2), the officer or agent of a corporation named in the interrogatories was required "to have said interrogatories · executed and *returned to the next term of court."* The bill of exceptions in the case which came up from McDuffie Superior Court discloses that on August 13, 1955, the plaintiff filed interrogatories for answer by the president of the defendant company, and served counsel for the defendant. At the time filed the next term of the McDuffie Superior Court was the September term, 1955. The bill of exceptions further discloses the case was called for trial during the September term, 1955, at which time "Defendant's counsel stated he had the answers, but objected to having to read them upon the ground that Ch. 38-12 of the Georgia Code was unconstitutional, whereupon plaintiff moved to strike," etc. It further appears from the bill of exceptions that the trial judge sustained the defendant. Thus, when the trial judge by his ruling eliminated the necessity "to execute

and return interrogatories as provided by law" because in his opinion the law was unconstitutional, the sworn responses to the interrogatories were available to the court within the time provided by the law then in effect, i.e., the September term.

Subsequent to that decision the General Assembly in 1959 enacted an amendment requiring answers to interrogatories to be filed within 15 days after service unless the court for good cause shown enlarges the time. *Code Ann.* § 38-2108 (Ga. L. 1959, pp. 425, 437). Since no such extension was sought or granted, the court did not abuse its vested discretion in dismissing the action on motion of the opposite party.

The argument set forth in the dissent would completely nullify the effect of the 1959 amendment and would say that when such answers are filed and "before the court" no dismissal could follow even if the filing was 3 months, 6 months, or 2 years late.

For recent opinions of this court dealing with this subject, see *Dean v. Gainesville Stone Co.,* 120 Ga. App. 315 (170 SE2d 348); *Siefferman v. Kirkpatrick,* 121 Ga. App. 161 (173 SE2d 262); and *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909) (see dissent by Judge Evans).

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, Deen and Quillian, JJ., concur. Pannell and Evans, JJ., dissent. Whitman, J., not participating, because of illness.*

ARGUED JUNE 29, 1971—DECIDED OCTOBER 7, 1971—
REHEARING DENIED OCTOBER 29, 1971—

*J. R. Cullens, J. Willis Conger,* for appellant.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., W. Rhett Tanner, Hamilton Lokey, Gerald F. Handley, Willard H. Chason, Ralph E. Carlisle,* for appellees.

PANNELL, Judge, dissenting. I think the ruling in the case of *Hobbs v. New England Ins. Co.,* 212 Ga. 513, 516 (93 SE2d 653) controls this case.

The case of *Smith v. Mullinax,* 122 Ga. App. 833 (178 SE2d 909) does not show that the answers were before the court at the time of hearing, but only that the defendant was available for

discovery and trial. I, therefore, joined the dissent in that case.

In the present case, the answers were before the court.

EVANS, Judge dissenting. Interrogatories were served upon plaintiff on October 14, 1970, requiring answers not later than November 3. Answers were not timely filed, and thereafter defendants moved for sanctions for failure to file answers to interrogatories within the time required by law. The hearing was scheduled for December 17, and one day before the hearing, plaintiffs mailed answers to interrogatories, which however, did not reach the clerk's office until December 21. The hearing on motion for sanctions was continued until March 1, 1971, and on that date, at the hearing plaintiff filed and served amended answers to defendants' interrogatories. At the conclusion of the hearing, the trial court granted defendants' motion for sanctions and entered an order dismissing plaintiff's complaint. From that judgment plaintiff has appealed to this court.

It is unquestioned in this case that plaintiff did not comply with the statute respecting the timely filing of answers to interrogatories. *Code Ann.* § 81A-133 (CPA § 33; Ga. L. 1966, pp. 609, 646) requires answers to interrogatories to be filed within 15 days, while *Code Ann.* § 81A-105 (b) (CPA § 5; Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229) permits service by mail, and *Code Ann.* § 81A-106 (e) (CPA § 6; Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230) authorizes the allowance of three additional days where such service is made by mail. Thus, a total of 18 days was allowed in which plaintiff might file answers by mail.

What is the penalty for failure to file answers to interrogatories within the time required by law? How wide is the discretion vested in the trial courts with respect to imposing sanctions against the defaulting party?

In *Elberton-Elbert County Hospital Authority v. Watson,* 121 Ga. App. 550 (3) (174 SE2d 470), this court held that the discretion is very broad, and affirmed a trial judge in failing to impose sanctions where the answers were filed seven days late. In *Wilson v. Barrow,* 107 Ga. App. 555 (4) (130 SE2d 812), it appeared that the answers had been filed at the time motion for default judgment (sanctions) was made, and this court held that the trial court did not abuse its discretion in failing to impose sanctions. In *Smith v.*

*Mullinax,* 122 Ga. App. 833 (178 SE2d 909), it was held that the harsh sanctions of dismissal or default will not be imposed unless there is a "conscious or intentional failure to appear." In said case, the party did not maintain contact with his attorney whereby he might respond to a proper notice for the taking of his deposition, with the writer dissenting, and Judges Pannell and Quillian concurring in the dissent.

These are the only Georgia cases cited and discussed in the briefs of the parties, although a great many cases from foreign jurisdictions are cited and it is pointed out that cases from United States courts will be given persuasive consideration in construing the law on discovery.

However, none of the Georgia cases cited is directly in point with the case sub judice; and foreign authorities are not applicable and will be given no consideration whatever in opposition to our highest state court of last resort, to wit: the Supreme Court of Georgia. On this question the Supreme Court of Georgia in *Thompson v. Eastern Air Lines,* 200 Ga. 216, 222 (39 SE2d 225), held: "But this court long ago, in *Thornton v. Lane,* 11 Ga. 459, stated in unmistakable terms the rule that the decisions of the courts of other States are not binding upon this court; that they are mere opinions, and would be followed only in case this court considered them sound and saw fit to follow them."

Again, in *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74, 81 (132 SE2d 25), the Supreme Court of Georgia held: "We have not examined the constitutional provisions of those jurisdictions to determine if they differ from ours, but for the reasons hereinbefore stated, we follow what we conceive to be the rule in Georgia. To such contentions we would reply further by paraphrasing a statement of a great President who once said, 'Everybody is against me— everybody except the people,' by saying that all the decisions are against what we hold—all except the controlling decisions of the courts of Georgia."

Also see *Etowah Heading Co. v. Anderson,* 73 Ga. App. 814 (38 SE2d 71); *Hertz v. Abrahams,* 110 Ga. 707, 718 (36 SE 409, 50 LRA 361); *Thompson v. Eastern Air Lines,* 200 Ga. 216, supra; *Thornton v. Lane,* 11 Ga. 459 (4).

In construing the statute on discovery and what sanctions

should be imposed, there is a full bench decision by the Supreme Court of Georgia on the exact point under discussion, and the Court of Appeals is required to follow that decision unless it can be differentiated or shown to be inapplicable to the case sub judice. In *Davis v. State,* 92 Ga. App. 627 (3) (89 SE2d 548) we find the following: "The Court of Appeals is bound by the decisions of the Supreme Court where the point in issue is clearly settled by a decision of that court (*Code* § 2-3708; *Minor v. City of Atlanta,* 7 Ga. App. 817 (2) (68 SE 314))."

In *Frazier v. Southern R. Co.,* 200 Ga. 590, 596 (37 SE2d 774), that court said: "Decisions by the Court of Appeals establish a precedent for that court and for the superior courts, *unless disapproved by the Supreme Court* or made obsolete by subsequent statutory enactment." (Emphasis supplied).

In *State Hwy. Dept. v. Wilson,* 98 Ga. App. 619 (1) (106 SE2d 544), this court said: "A full bench decision of the Supreme Court of this State is binding upon the Court of Appeals until reversed or substantially modified regardless of later decisions by a divided bench."

In the case of *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (93 SE2d 653), decided July 12, 1956, a full bench decision, the Supreme Court of Georgia held flatly that the trial court is not authorized to strike defendant's plea and answer for failure of defendant to properly respond to interrogatories, if the answers to said interrogatories were "before the court" at the time of the hearing. In that case the plaintiff had filed interrogatories with the clerk and served copy upon counsel for defendant on August 13, 1955, and at the trial plaintiff's counsel called upon defendant for the answers to said interrogatories. The defendant neither filed nor served a copy upon plaintiff's counsel but stated, "that he had the answers, but objected to having to read them upon the ground that Chapter 38-12 of the Georgia Code of 1933 was unconstitutional." Whereupon the plaintiff moved to strike the defendant's answer because of its failure to produce the answers to the interrogatories, which motion was denied. The Supreme Court held in this case (p. 516): "Even if it be conceded (which we do not) that the question of the constitutionality of Chapter 38-12 was properly raised so as to invoke a ruling by the trial court, it was unnecessary for the trial court to pass upon the validity of the statute,

because the record shows that there was a sworn response to the interrogatories before the court, and under the provisions of *Code* § 38-1204 *the court would not be authorized to strike the defendant's plea and answer, where the interrogatories were before the court.* It was not error to refuse to strike the plea and answer." (Emphasis supplied).

Here it will be plainly seen that the Supreme Court did not base its decision upon the discretion that is vested in the trial court, but went much further and said that *the court would not be authorized to strike the defendant's plea and answer* under the circumstances, thus eliminating any discretion whatever.

The writer represented the plaintiff in that case and I did not like that part of the decision then, nor am I in agreement with it now, but, being a full bench decision by the Supreme Court of Georgia, it is binding upon me and my brethren of this court. If the case sub judice were in the Supreme Court of Georgia, it could overrule the decision, but that is a power with which this court is not vested. We can overrule our own decisions but only the Supreme Court of Georgia can correct its mistakes, if indeed this was a mistake.

It might be said that the sanctions in the previous case were sought under *Code* § 38-1204 (Ga. L. 1847; Ga. L. 1853-54 and Ga. L. 1889) whereas the sanctions in the case sub judice are sought under *Code Ann.* § 81A-137 (d) (CPA § 37; Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157).

There is not any difference between the two statutes. *Code* § 38-1204 provides: "A party . . . failing or refusing to answer either orally or to the interrogatories filed, or answering evasively, shall be subject to attachment for contempt, and the court may also dismiss his case if he be plaintiff, or strike his pleas if he be defendant, or give such other direction to the cause as is consistent with justice and equity . . . "

*Code Ann.* § 81A-137 (d) provides: "If a party or an officer or managing agent of a party . . . wilfully fails to serve answers to interrogatories submitted under section 81A-133, after proper notice of such interrogatories, the court on motion and notice may strike out all or any part of the pleadings of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment

by default against that party."

Therefore, in view of the decision in the case of *Hobbs v. New England Ins. Co.*, supra, being a full bench decision by the highest court of this State and binding upon the Court of Appeals until it is overruled or set aside, I have to follow that decision in holding that where the answers to interrogatories are before the court at the time of the hearing "the court would not be authorized to strike the defendant's plea and answer." Neither the briefs for plaintiff or defendants, nor the majority opinion, discussed this case at the time this dissent was prepared, but since then, it has been discussed, and it is sought to show that it is inapplicable. Why is it not applicable? The majority opinion merely says that the *Hobbs* case, supra, was written in 1956, prior to the 1959 amendment as set forth in *Code Ann.* § 38-2108, which now requires answers to interrogatories to be served within 15 days. What difference can that possibly make? How does that differentiate the principle of law announced in the *Hobbs* case, from the principle which is now applied in the case sub judice? There is absolutely no difference in the *principle of law* whatever. Formerly, the respondent was required to answer the interrogatories at the next term of court; now he is required to answer within 15 days from service. That is the only difference, and on that vast difference the majority would insist that the *Hobbs* case is not applicable! Why not? In the *Hobbs* case and in the case sub judice there were interrogatories *before the court* at the time of the hearing on motion for sanctions. The law applicable to both cases imposed a time limit. The applicable law in the *Hobbs* case required the answers at the next term of court; the applicable law in the case sub judice required the answers within 15 days from the date of service of the interrogatories. The respondent was delinquent and tardy in both cases. In the *Hobbs* case, the respondent did not file and did not return to the court his answers; he simply had them in his own possession at the time motion for sanctions was made, and it was said that the answers were thus "before the court"—and consequently no authority existed for dismissing the answer of defendant. In the case sub judice, the answers were not filed within the time required by law but at the time of hearing of motion for sanctions, the answers were before

the court; copy had been handed to opposing counsel and the original had been filed. Where is the difference? How does the majority use the flimsy pretext set forth in its concluding lines of the opinion to justify ignoring this full bench decision by the Supreme Court of Georgia? If it can really contend that there is a difference in the *Hobbs* case and the case sub judice which renders the principle of law in *Hobbs* inapplicable, then no case is a precedent for anything. In all cases, there is always some difference; such as a difference in the names of the parties; or a difference in the counties where the case originated, or a difference in the date of the occurrence. But such differences should not be allowed to rub out a principle of law which governs the case. The Supreme Court of Georgia (full bench) held in *Hobbs,* at p. 516, ". . . it was unnecessary for the trial court to pass upon the validity of the statute, because the record shows there was a sworn response to the interrogatories before the court, and under the provisions of *Code* § 38-1204, *the court would not be authorized to strike the defendant's plea and answer, where the interrogatories were before the court."* (Emphasis supplied).

At the very least, the majority's opinion in this case should be supported by some plausible explanation of the *Hobbs* case, supra, and the case sub judice, to show that the principle of law laid down so firmly and positively in the *Hobbs* case is not controlling on the case sub judice. The tortured and strained effort to differentiate, beginning on page 730 of the majority opinion, is completely ineffectual for that purpose, and yet here we are, the Court of Appeals of Georgia, in effect reversing the Supreme Court of Georgia by refusing to abide by and follow the decision of the Supreme Court in the case of *Hobbs v. New England Ins. Co.,* 212 Ga. 513, supra.

I would reverse the trial court.