## 47326. GREGORY v. KING PLUMBING, INC.

BELL, Chief Judge. 1. (a) In *Williamson v. Lunsford,* 119 Ga. App. 240 (2) (166 SE2d 622) we held that under CPA § 33 (*Code Ann.* § 81A-133) "interrogatories served on a party must be answered *by the party separately* and fully in writing under oath" (emphasis supplied), and that an unsworn writing in response to interrogatories by a party's counsel did not constitute an answer. In this case defendant's counsel under *oath* answered interrogatories. *Williamson* is controlling here. The fact that defendant's counsel answered the interrogatories under oath is not of significance. The plain and unambiguous terms of CPA § 33 require a party to answer personally his opponent's interrogatories under oath. Interrogatories are not pleadings and counsel cannot answer them.

(b) It is unnecessary to apply the provisions of the 1972 amendments to the discovery rules (Ga. L. 1972, p. 510 et seq.) as the permitted retroactive application of the amendments would not have the effect "to render valid something which was not valid when done." See CPA § 86 (b) (*Code Ann.* § 81A-186 (b)). The adjudicated result in either case would be the same.

2. Other than this ineffectual attempt to answer, no answers to the interrogatories have ever been served on plaintiff. The provisions of CPA § 37 (d) (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; *Code Ann.* § 81A-137 (d)), in effect at the time of the trial court's judgment, grant the trial court the discretion to impose sanctions for a wilful failure to serve answers to interrogatories. An affidavit and power of attorney submitted by defendant at the time of the hearing on plaintiff's motion to strike and for default judgment reveals that defendant is a non-resident; that he has authorized his attorney to act

as attorney in fact to do all things necessary in defense of the lawsuit, to include the execution of requests for admissions and answers to interrogatories. This shows an intentional course of action by counsel to answer the interrogatories and thus a conscious and intentional failure to comply with the clear mandate of CPA § 33. Thus, under these facts the trial judge did not abuse his discretion in finding that the defendant wilfully failed to answer interrogatories and in imposing the harsh sanctions of striking defendant's answer and entering a default judgment. *Williamson v. Lunsford,* 119 Ga. App. 240, supra; *Morton v. Retail Credit Co.,* 124 Ga. App. 728 (185 SE2d 777).

3. The sanctions entered by the trial judge were authorized by CPA § 37 (d) and we affirm his judgment for that reason. Thus it is unnecessary to rule on the issue argued as to the method used in answering the requests for admissions.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED JULY 5, 1972—DECIDED OCTOBER 13, 1972—
REHEARING DENIED NOVEMBER 7, 1972.

*Allan J. Hall, Warren O. Wheeler,* for appellant.
*Katz, Paller & Land, Fred L. Cavalli,* for appellee.