## 47827. BRATTEN APPAREL, INC. v. LYONS TEXTILE MILL, INC.

BELL, Chief Judge. In this suit on an open account there was a late filing of answers by defendant to plaintiff's interrogatories. Also some of the answers were not responsive and some questions were not answered at all. But some were fully answered. The plaintiff thereafter filed a motion to strike the answers, to dismiss the defendant's answer and counterclaim and for a default judgment. After hearing, the trial court entered an order striking the answers and dismissing defendant's answer to the complaint and its counterclaim. *Held:*

1. The court erred in this order because: (a) CPA § 37 (Code Ann. § 81A-137) provides no remedy at all to propounder allowing the court to strike answers to interrogatories. (b) The statute does not authorize the court to apply the sanction of dismissal of a pleading after purported answers to interrogatories have been served and filed unless the condition precedent has been fulfilled which requires the propounder to file a motion to compel answers under Code Ann. § 81A-137 (a) and the order to compel has been disobeyed. This was not done in this case. (c) The court is not empowered to entertain a motion to strike answers, grant it, and then treat the situation as if there had been a total failure to answer the interrogatories. (d) In absence of a timely motion, the authority to apply sanctions under CPA § 37 (d) is lost once answers to interrogatories are filed even though the answers are filed late. Once answers are filed, even though filed late, the propounder has waived his right to ask the court to apply sanctions under CPA § 37 (d).

We are not dealing here with a mere failure to answer the interrogatories at all in which case the judge could enter any order in regard to the failure as "are just" (CPA § 37 (d); Code Ann. § 81A-137 (d)) to include dismissal of the answer to the complaint. We have answers—albeit *late* answers—and the only remedy available to the propounder is to file the motion to compel an answer to those interrogatories which were not answered and to those which were evasive. The cases of *Morton v. Retail Credit Co.,* 124 Ga. App. 728 (185 SE2d 777) and *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448) are not in point.

In *Morton,* late answers to interrogatories were filed *after* the propounder had filed a motion seeking the sanction of dismissal. We have the reverse situation here. *Maxey* is not in point either as in that case there was a total failure to file answers to interrogatories.

2. The appellee has moved to dismiss this appeal on the ground of delay in transmission of the record, based on appellant's failure to timely pay the costs. No objection on this ground was made and ruled upon in the trial court prior to transmittal. Appellee's failure to invoke a ruling by the trial court on this ground constitutes a waiver. Rule 11 (c) (124 Ga. App. 873). The motion is denied.

*Judgment reversed. Hall, P. J., Eberhardt, P. J., Deen, Clark and Stolz, JJ., concur. Pannell, Quillian and Evans, JJ., dissent.*

ARGUED JANUARY 3, 1973 — DECIDED JUNE 21, 1973 — REHEARING DENIED JULY 18, 1973.

*Sanders, Hester, Holley, Askin & Dye, Otis F. Askin, William J. Williams,* for appellant.

*Willingham & Houston, Julian B. Willingham,* for appellee.

EVANS, Judge, dissenting. The trial court had ample authority to strike the answers to interrogatories because they were filed too late. Indeed, the trial court could have gone a step further by striking all of defendant's defensive pleadings.

The majority opinion relies upon Code Ann. § 81A-137 (Ga. L. 1972, pp. 510, 530) as to the procedure which must be followed. I do not agree. Ever since 1889 it has been the law of this state that where a party fails to answer interrogatories, *or answers evasively,* the trial court is fully empowered to adjudge the defaulting party in contempt of court, or to dismiss his case if he is plaintiff, or to strike his pleas if he is defendant. This is clearly the law as set forth in Code § 38-1204 (Ga. L. 1847, p. 197; Cobb, pp. 269-270, 465-466; 1853-4, p. 51; 1889, p. 87) and none of the amending statutes has amended or repealed it or even referred to it. No matter what remedies may be provided by new statutes, none of the remedies provided by Code § 38-1204 has been taken away, and they are still as potent as they ever were. Code § 38-1204 reads as follows: "A party failing to appear, without sufficient excuse, when properly subpoenaed, or failing or refusing to answer either orally or to the interrogatories filed, or answering evasively, shall be subject to attachment for contempt, and the court may also dismiss his case

if he be plaintiff, or strike his pleas if he be defendant, or give such other direction to the cause as is consistent with justice and equity; and if either party be a corporation, the officer called on to give testimony shall be subject to attachment for contempt upon his failure to answer, and the court may dismiss the case or strike the plea, according as the party corporation may be plaintiff or defendant, upon the failure of any of its officers or agents to give testimony or to execute and return interrogatories as provided by law."

In the recent case of *Morton v. Retail Credit Co.*, 124 Ga. App. 728, 732 (185 SE2d 777), the writer, relying on *Hobbs v. New England Ins. Co.*, 212 Ga. 513 (93 SE2d 653), dissented because it was held in *Hobbs*, supra, that if the answers to the interrogatories were before the court at the time the motion for default was made, the court was without power to dismiss same. But a majority of my bretheren on this court disagreed with me, and I now follow their holding.

I am authorized to state the Judge Pannell concurs in this dissent.