## 51733. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. v. ECHOLS.

STOLZ, Judge.

This is an appeal from an order of the trial court striking the plaintiff's complaint and taxing costs and attorney fees to the plaintiff as a sanction for its failure to answer interrogatories.

1. The defendant-appellee has moved to dismiss the appeal on the ground that the appellant's failure to pay court costs resulted in the late transmittal of the record to this court.

"Prior to March 2, 1972, the late filing of a transcript, and nothing appearing in the record as the cause for the lateness, was deemed to have been caused by the appellant or his counsel in accordance with the constitutional provision contained in Code Ann. § 2-3705. Since March 2, 1972, the cause for late filing of a

transcript is, pursuant to the rules of both appellate courts, a fact issue for determination in the first instance in the trial court. And if the late filing issue is not raised and determined in the trial court, then the appellee is deemed to have waived that issue, and the appellee cannot assert that issue in the appellate court." *Southeastern Plumbing Supply Co. v. Lee,* 232 Ga. 626, 628 (208 SE2d 449). See also *Bratten Apparel, Inc. v. Lyons Textile Mill, Inc.,* 129 Ga. App. 384 (2) (199 SE2d 632); *Johnson v. Clements,* 135 Ga. App. 495 (1) (218 SE2d 109).

2. The appellant contends that the trial court was not authorized to dismiss its complaint, since no order compelling discovery had been issued and the plaintiff had answered the interrogatories prior to the hearing on the defendant's motion for sanctions. This argument must fail for several reasons.

The defendant moved for sanctions under Code Ann. § 81A-137 (d) which allows the court to dismiss a complaint, without first issuing an order to comply, when a party has wilfully failed to answer propounded interrogatories. *Carter v. Merrill Lynch, Pierce, Fenner & Smith,* 130 Ga. App. 522 (1) (203 SE2d 766). The sanction of dismissal for failure to comply with the discovery provisions of our Civil Practice Act requires " 'a conscious or intentional failure to act, as distinguished from an accidental or involuntary non-compliance.' " *Smith v. Mullinax,* 122 Ga. App. 833 (3) (178 SE2d 909). However, the trial court's finding, that the plaintiff's failure to answer was wilful, need not be explicitly stated in its order. "As the statute does not authorize such sanctions unless the conduct of defendant was wilful, it is therefore implicit in the judgment itself that the court made such finding. Every presumption of legality will be made in favor of a judgment by a court of competent jurisdiction (see Code § 38-114); and it will be presumed that a judgment of a court of competent jurisdiction is supported by every fact essential to make such judgment valid and binding. *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d 476)." *Smith v. Byess,* 127 Ga. App. 39 (1) (192 SE2d 552).

Nor is there any significance in the fact that the

plaintiff allegedly submitted answers to the propounded questions before the hearing on the defendant's motion for sanctions. "[O]nce the motion for sanctions has been filed, the opposite party may not preclude their imposition by making belated response at the hearing." *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* 134 Ga. App. 624 (1) (215 SE2d 511). This applies as well to responses made in the interim between the filing of a motion for sanctions and the hearing on the motion. See, e.g., *Morton v. Retail Credit Co.,* 124 Ga. App. 728 (185 SE2d 777); *Osceola Inns v. State Hwy. Dept.,* 133 Ga. App. 736 (1) (213 SE2d 27).

In his order, the trial judge found that the plaintiff had not merely been late in filing, but had not filed answers at all. Compare *Bratten Apparel, Inc. v. Lyons Textile Mill, Inc.,* supra. The order stated: "the statements filed in response to the interrogatories submitted by the defendant were signed only by counsel for the plaintiff and, as originally filed, that statement was not under oath. Later, an oath was mailed to the clerk to be attached to the statement, this oath being made by one·John J. McDonough, Jr., he having merely signed the oath in his individual capacity without any indication that he was an agent or official of the plaintiff. Such statement does not constitute an answer to interrogatories. It does not comply with the requirements of Code Ann., Section 81A-133. *Williamson v. Lunsford,* 119 Ga. App. 240 (2); *Gregory v. King Plumbing, Inc.,* 127 Ga. App. 512 (1)(a)." Interrogatories must be personally answered by the party served and the judge's finding comports with our past holdings to that effect. See, e.g., *Gregory v. King Plumbing, Inc.,* 127 Ga. App. 512 (1) (194 SE2d 271).

" 'Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretion granted to him under the discovery provisions of the Civil Practice Act.' *Williamson v. Lunsford,* 119 Ga. App. 240 (4) (166 SE2d 622)." *Houston Gen. Ins. Co. v. Stein Steel &c. Co.,* supra, p. 626. See also *Gregory v. King Plumbing, Inc.,* supra; *Thomas v. Home Credit Co.,* 133 Ga. App. 602 (2) (211 SE2d 626) and cits. No abuse of discretion appearing in the record before us, the trial

judge, after holding a hearing on the motion for sanctions, was authorized to find that the plaintiff had wilfully failed to answer the propounded interrogatories and that therefore its complaint should be dismissed.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JANUARY 13, 1976 — DECIDED APRIL 5, 1976 — REHEARING DENIED MAY 12, 1976 — 

*Araguel & Sanders, Jerry D. Sanders, Patrick J. Araguel, Jr.,* for appellant.

*Owen J. Adams,* for appellee.