## 33172, 33173. WOODSON v. BURTON et al.; and vice versa.

UNDERCOFLER, Presiding Justice.
    1. This was a suit by appellees for an accounting for rents collected by appellant from jointly owned property.

A jury verdict and judgment was entered for appellees. Appellees' proof of their claim was dependent upon answers to interrogatories which were not signed by appellant but by her attorney. Code Ann. § 81A-133 provides, "Any party may serve upon any other party written interrogatories to be answered by the party served. . . Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them." See *Williamson v. Lunsford,* 119 Ga. App. 240 (2) (166 SE2d 622) (1969); *Siefferman v. Kirkpatrick,* 121 Ga. App. 161 (3) (173 SE2d 262) (1970); *Gregory v. King Plumbing, Inc.,* 127 Ga. App. 512 (194 SE2d 271) (1972); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Echols,* 138 Ga. App. 593, 595 (226 SE2d 742) (1976); McDougall v. Dunn, 468 F2d 468, 472 (4th Cir. 1972). However, appellant's attorney stipulated that the answers were presented, ". . . for the reliance of all concerned, including the court and parties." The trial court construed this as a stipulation that the answers to the interrogatories could be used in evidence without the formality of the deponent's signature under oath. We agree. Cf. *Harris & Mitchell v. McArthur,* 90 Ga. 216 (2) (15 SE 758) (1892). Also, we find no error in a qualified witness testifying to her compilation of the total income and expenses shown by such answers.

2. We find no abuse of discretion in the trial court's denial of appellant's motion for continuance. The case had been continued several times, the last in March, 1976, because of the illness of appellant's husband. The case was set for Monday, July 12, 1976, and the court empaneled a jury specially for the matter. The previous Wednesday the appellant had a fee dispute with her attorney and agreed that he could withdraw from the case. Appellant employed another attorney on Friday.

3. Appellee's Exhibits 12 and 13 were admitted into evidence without objection. Accordingly, there was no error in admitting them.

4. We reverse the award of attorney fees. In our opinion a bona fide controversy existed and there is no

evidence of bad faith. One appellee and the appellant are sisters. The other appellee is a sister-in-law. They came into possession of remainder estates as co-tenants in 1971. The appellant had managed the property for her mother's preceding life estate since 1940 under provisions of her father's will. It appears the parties have not spoken to each other since 1973. The evidence discloses the appellees have received monthly statements and periodic remittances. In November, 1974, the appellant by letter offered to furnish whatever information the appellees desired, suggested the property be divided, that the parties meet to resolve their dispute, hopefully to avoid expensive court action, and to meet with appellees' representative if they elected to appoint one. The appellees claim approximately $30,000, being half of the admitted gross rentals of approximately $78,000 less taxes and insurance premiums of approximately $13,000, and less $2,250 which they received. Appellees' Exhibits 12 and 13, compilations of "Monthly Reports," show expenses of approximately $53,000. The jury decided the dispute and awarded the plaintiffs $23,000 plus $6,000 attorney fees. In our opinion there was no evidence of bad faith or stubborn litigiousness. The case involves nothing more than a dispute over allowable expenses which was resolved partly in favor of appellant. See Code § 20-1404.

5. We find no merit in the cross complaint that the evidence demanded a verdict of $30,363.36 for appellees.

*Judgment affirmed in part and reversed in part on the main appeal. Judgment affirmed on the cross appeal. All the Justices concur.*

ARGUED JANUARY 17, 1978 — DECIDED APRIL 4, 1978.

*Hicks & Scroggins, John H. Hicks,* for appellant.
*Mincey & Kenmore, David L. Mincey, David L. Mincey, Jr.,* for appellees.