A89A0209. HOWARD et al. v. APAC-GEORGIA, INC.

(383 SE2d 617)

McMURRAY, Presiding Judge.

Plaintiffs, Bobby Jack Howard and Janet L. Howard, husband and wife, brought suit against Larry Donnell Davis, Carey Dean Easler and APAC-Georgia, Inc. ("APAC") in the State Court of Fulton County. It was alleged that Mr. Howard was injured in an automobile collision on October 21, 1987; that Mr. Howard's injuries stemmed from the negligence of Messrs. Davis and Easler; and that defendants were liable to plaintiffs for pain and suffering and loss of consortium damages.

The liability of APAC was predicated on the doctrine of respondeat superior. In this regard, it was alleged that at the time of the collision, Mr. Davis was an agent of APAC and that he was acting within the scope of his employment.

Defendants answered, denying the material allegations of the complaint. Additionally, they asserted that venue was improper in Fulton County.

A motion to dismiss the complaint for failure to state a claim was filed by APAC. In support of its motion, APAC submitted the affidavit of John F. Bates, Division President of Southern Roadbuilders Division of APAC-Georgia, Inc. He averred that on the day of the collision, Mr. Davis was an employee of Southern Roadbuilders, Inc., a Georgia corporation with a registered office in Richmond County; that Mr. Davis was never employed by APAC; that on January 25, 1988, APAC purchased the assets and assumed some of the liabilities of Southern Roadbuilders, Inc.; and that APAC did not assume any liabilities stemming from the collision which is the subject of this suit.

Via answers to interrogatories, APAC demonstrated that Southern Roadbuilders, Inc., was fully liquidated and its name was changed to Roadbuilders Corporation; that that entity is waiting to be dissolved; that the officers, directors and shareholders (which included

John F. Bates) of Southern Roadbuilders, Inc., and Roadbuilders Corporation were the same; and that none of the shareholders, officers or directors of those entities is a shareholder, officer or director of APAC. (The answers to interrogatories were provided by APAC's counsel. They were not verified. Plaintiffs accepted the answers, however, relying upon them in support of a motion for joinder and in opposing APAC's motion to dismiss. They will, therefore, be considered here. See *Woodson v. Burton*, 241 Ga. 130 (243 SE2d 885).)

After hearing argument and considering "the entire file," the trial court granted APAC's motion to dismiss the complaint. (In so doing, the trial court treated APAC's motion to dismiss as a motion for summary judgment. See OCGA § 9-11-12 (b).) Because APAC was the only Fulton County defendant, the trial court transferred plaintiffs' claims against the remaining defendants to the State Court of Richmond County. Plaintiffs appealed. *Held*:

"Generally, a purchasing corporation does not assume the liabilities of the seller, unless: (1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or (4) the purchaser is a mere continuation of the predecessor corporation. Fletcher, Cyclopedia of the Law of Private Corporations, § 7122; see 66 ALR3d 824, 827." *Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (328 SE2d 726).

Plaintiffs do not contend that the sale was for an inadequate consideration, that they were defrauded, or that APAC is a mere continuation of Southern Roadbuilders, Inc. Rather, plaintiffs assert the trial court erred in granting APAC's motion to dismiss because, in effect, APAC merged with Southern Roadbuilders, Inc. APAC takes the position, on the other hand, that the trial court properly granted its motion to dismiss because it demonstrated it did not merge with Southern Roadbuilders, Inc. as a matter of law.

A de facto merger occurs when one corporation is absorbed into another. See OCGA § 14-2-1101; *Kemos, Inc. v. Bader*, 545 F2d 913 (5th Cir. 1977) (applying Georgia law). Did APAC demonstrate that Southern Roadbuilders, Inc., was not absorbed by APAC as a matter of law? Yes, it did.

In order to find a de facto merger, four elements must be present: "(1) There is continuation of the enterprise of the seller corporation, so that there is a continuity of management, personnel, physical location, assets, and general business operations. (2) There is a continuity of shareholders which results from the purchasing corporation paying for the acquired assets with shares of its own stock, this stock ultimately coming to be held by the shareholders of the seller corporation so that they become a constituent part of the purchasing corporation. (3) The seller corporation ceases its ordinary business operations, liquidates, and dissolves as soon as legally and practically possible. (4)

The purchasing corporation assumes those liabilities and obligations of the seller ordinarily necessary for the uninterrupted continuation of normal business operations of the seller corporation. [Cit.]" *Bud Antle, Inc. v. Eastern Foods*, 758 F2d 1451, 1457 (11th Cir. 1985).

In the case sub judice, APAC demonstrated that the shareholders of Southern Roadbuilders, Inc., have no shareholder interest in APAC. "Several courts have held that '(a) consolidation or merger always involves a transfer of the assets and business of one corporation to another in exchange for its securities.' *Good v. Lackawanna Leather Co.*, 96 N.J. Super. 439, 233 A.2d 201, 208 (Ch. Div. 1967). *See, e.g., Leannais v. Cincinnati, Inc.*, 565 F.2d 437 (7th Cir. 1977); *Travis v. Harris Corp.*, 565 F.2d 443 (7th Cir. 1977). At the very least, there must be some sort of continuation of the stockholders' ownership interests. *See Atlas Tool Co., Inc. v. C.I.R.*, 614 F.2d 860, 871 (3d Cir.), *cert. denied*, 449 U. S. 836, 101 S.Ct. 110, 66 L.Ed.2d 43 (1980). The reason for this requirement is that corporate liability adheres not to the nature of the business enterprise but to the corporate entity itself. *Fehl v. S.W.C. Corp.*, 433 F.Supp. 939, 945 (D. Del. 1977). The corporate entity and its shareholders ultimately are responsible for the disposition of the corporation's assets and the payment of its debts. *Travis*, 565 F.2d at 447. Even if the corporation sells to another corporation its entire business operation and all its assets, in exchange for some consideration other than stock, the two corporate entities remain distinct and intact. The corporate entities have not merged, and each is liable for its own debts, absent fraud or one of the other exceptions listed above." *Bud Antle, Inc. v. Eastern Foods, Inc.*, supra at 1458.

Inasmuch as APAC demonstrated an absence of shareholder continuity between Southern Roadbuilders, Inc., and APAC, it cannot be said that there was a de facto merger between those corporate entities. It follows that the trial court correctly granted APAC's motion for summary judgment and transferred plaintiff's claims against the remaining defendants to another forum.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JUNE 21, 1989.

*McNally, Fox, Mahler & Cameron, Randall K. Coggin*, for appellants.

*Thomas S. Carlock, Bovis, Kyle & Burch, W. Bruce Barrickman*, for appellee.