A95A2357. GWINNETT HOSPITAL SYSTEM, INC. v. MASSEY et al.

(469 SE2d 729)

Smith, Judge.

Although this action is essentially one for medical malpractice,

we address in this opinion the procedural issue of whether the proper corporate entity was named as a party defendant.

Appellee, Rhonda Rice Massey, the mother of David Jeremiah Massey, filed this action against Gwinnett Hospital System, Inc. (GHS) and others[1] alleging that their incompetent care resulted in the stillborn birth of David Jeremiah Massey. GHS moved for summary judgment, contending the Hospital Authority of Gwinnett County, Inc. (the Authority), rather than GHS, is the proper party defendant. The trial court denied the motion, and we granted GHS's application for interlocutory review.

Massey alleges that on October 15, 1991, she received negligent care and treatment when she went to the Gwinnett Women's Pavilion for delivery of her child. It is undisputed that on that date, the Gwinnett Women's Pavilion was owned and operated by the Authority, that GHS was not yet incorporated, and that GHS did not become a legal entity until May 21, 1992. It is likewise undisputed that the Authority remains in existence and continues doing business, complete with a board of trustees, officers, and legal counsel, and that GHS has its own board of directors, maintains separate books and records, and files separate tax returns. The parties also do not dispute that GHS and the Authority executed a lease and transfer agreement on September 1, 1992, by which the Authority leased its "real property, improvements and related assets of the system" and transferred "all of the operations, operating assets and liabilities of the system to [GHS]."

GHS contends it is not the proper party defendant because it was not the entity that committed a tort, it was not a successor corporation to the Authority, and it was not an "alter ego" of the Authority. GHS further contends that an "assumption of liabilities" provision in the lease and transfer agreement did not impose liability on it. We focus on this last contention because it is dispositive of the issues in this case.

The agreement contains the following assumption of liabilities provision: "Effective as of the commencement date, [GHS] assumes, and agrees to perform and discharge, all of the assumed liabilities as of the commencement date." "Assumed liabilities" are defined as "all of the liabilities and obligations of [the Authority] which were incurred or arose in connection with the existing operations, *whether known or unknown, contingent or otherwise,* including, without limitation, all obligations and liabilities of [the Authority] in connection with the bonds, all obligations and liabilities of [the Authority] under

---

[1] All other defendants, except one, were dismissed from the action. The remaining defendant, Deneen Bulloch, is not involved in this appeal.

the assigned contracts, and all obligations of [the Authority] to the Medicare and Medicaid programs." (Emphasis supplied.) "Existing Operations" are defined as "all of the system, health care, administrative and related activities conducted as of the commencement date hereof *or in the past* by [the Authority] in the ordinary course of owning and operating the existing facilities" which include "the system, the real property, the equipment, and all improvements which are leased by [the Authority] to [GHS] hereunder." (Emphasis supplied.)

OCGA § 9-2-21 (b) does provide that a tort action "shall be brought against the party committing the injury, either by himself, his servant, or an agent in his employ." We recognize that GHS was not incorporated and that the Authority owned and operated the Gwinnett Women's Pavilion when the alleged negligent care occurred. Liabilities, though, may be assumed under an agreement to do so. See *Howard v. APAC-Georgia*, 192 Ga. App. 49, 50 (383 SE2d 617) (1989); *Bullington v. Union Tool Corp.*, 254 Ga. 283, 284 (328 SE2d 726) (1985). Here, an express agreement between GHS and the Authority recited in broad, unambiguous language that GHS assumed all liabilities and obligations, "whether known or unknown, contingent or otherwise," incurred with regard to existing operations as of the commencement date "or in the past."

Ignoring this language, GHS argues that Massey cannot avail herself of the assumption of liabilities provision because she was not an intended third-party beneficiary of the contract. This argument fails. The claim here is for breach of a medical duty, not for damages resulting from a breach of contract between two other parties, and the action was not brought to enforce a contract. *Armor Elevator Co. v. Hinton*, 213 Ga. App. 27 (2) (443 SE2d 670) (1994) does not demand a different result. The plaintiff in *Hinton* brought a tort action against PSI Security and others seeking damages arising from her fall from an elevator. She alleged that PSI, a private security service that provided services on a contract basis to the owner of the building in which she fell, was liable for its failure to warn her of the elevator malfunction. Id. We held that the contract between the owner of the building and PSI revealed no intent to benefit patrons of the building. The plaintiff therefore was not an intended third-party beneficiary, and PSI had no duty to warn her of the malfunction. Id. at 30. Here, Massey has not alleged a tort arising out of a failure to perform a duty imposed by contract. Instead, she has recognized and alleged that under the agreement, GHS assumed the Authority's legal obligations. For pre-existing liabilities of operations it took over from the Authority, the clear, unambiguous terms of the agreement made GHS liable.

We disagree with GHS's contention that affirmance of the trial

court's decision "could have negative implications for corporations contemplating entering into lease agreements and similar arrangements, because a party taking over the operations of another party would then become responsible for all of its torts." GHS took responsibility for the Authority's torts only because it expressly agreed to do so. Had GHS wished to limit its liabilities to certain types of claims, or to those occurring within a certain time period, it could have done so in the agreement. See generally *Blum v. RES Assoc.*, 211 Ga. App. 543, 545 (1) (439 SE2d 712) (1993) (buyer agreed to assume liabilities and obligations "only as of and with respect to periods *following* the [c]losing [d]ate"). (Emphasis supplied.)

Further, we are not persuaded by argument that GHS is merely an indemnitor of the Authority, subject to suit only if liability against the Authority is found first. The language of the assumption of liabilities provision is not couched in terms of indemnity; it is, instead, a straightforward acceptance of liabilities by GHS, liabilities that are "contingent or otherwise," "known or unknown." This language negates GHS's contention that it agreed to assume only liability which the Authority "may incur." Pursuant to the plain words of the agreement, the liabilities assumed by GHS were those liabilities incurred as of the commencement date of the agreement *"or in the past."*

Neither do we find merit in the contention that GHS was not a purchasing corporation but that the relationship between it and the Authority was unequivocally that of lessor and lessee. The caption of the agreement itself indicates that the transaction was a lease *and transfer*. The agreement recites that the Authority "wishes to lease the real property, improvements and related assets of the system, *and to transfer all of the operations, operating assets and liabilities of the system*" to GHS. (Emphasis supplied.) Regardless of the status of the relationships between the two entities — whether seller and buyer or lessor and lessee, or whether one was a continuation of, alter ego of, or successor to the other — the agreement between them contained an unambiguous provision that GHS assumed all liabilities of the Authority, known or unknown. Massey was entitled to bring this action against GHS as a result of this assumption of liabilities.

The trial court did not err in denying GHS's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

Decided February 23, 1996 — ■

*Long, Weinberg, Ansley & Wheeler, Lance D. Lourie, Arthur K. Engle,* for appellant.

*Alexander J. Repasky, Michael A. Cole, David M. Toolan,* for appellees.