### 46551.   HOUSE v. HEWETT STUDIOS, INC.

BELL, Chief Judge. 1. A default judgment may be entered for the wilful failure of a party to appear at the taking of his deposition. CPA § 37 (d) *(Code Ann.* § 81A-137 (d)). Here the defendant failed to appear before the officer who was to take his deposition after service of proper notice. The plaintiff moved for a judgment. After a hearing, the trial court found as a fact that defendant's failure to appear was wilful. The finding of fact of

wilfulness is supported by an affidavit accompanying plaintiff's motion. Nothing to the contrary was offered by defendant. The trial court did not abuse its discretion in granting the default judgment. *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622).

2. The judgment by default awarded plaintiff the amount demanded as damages in its complaint plus interest and court costs. The defendant contends that the award was erroneous as plaintiff's claim was an action ex delicto and the plaintiff was required to prove his damages by the introduction of evidence before a jury. CPA § 37 (d) is silent on the question of any necessity of proof of damages where the sanction of judgment by default has been imposed against a disobedient party. CPA § 55 (a) (*Code Ann.* § 81A-155 (a)), which makes provision for judgment by default for failure of a defendant to timely file an answer states in part: ". . . the plaintiff. . . shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the petition were supported by proper evidence without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury as to actions ex contractu and before a jury as to actions ex delicto with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages."

These principles should apply to a judgment by default imposed under CPA § 37 (d). An examination of plaintiff's complaint reveals that it is an action ex contractu and the damages are liquidated. The complaint essentially is nothing more than an action to recover an indebtedness, money loaned to defendant. The allegation in the complaint that plaintiff was induced to make the loan because of fraudulent representations of the defendant, is mere surplusage. The alleged amount loaned to defendant was the only item of damages claimed and

was capable of being exactly computed, thus liquidated. *Keith v. Byram,* 118 Ga. App. 364, 365 (163 SE2d 753).

*Judgment affirmed. Pannell and Deen, JJ., concur.*

ARGUED SEPTEMBER 9, 1971—DECIDED NOVEMBER 30, 1971.

*John Hollis Allen, Olin Rambo,* for appellant.

*Powell, Goldstein, Frazer & Murphy, James H. Keaten, Armin G. Brecher,* for appellee.