## 70799. ROSS v. WHITE.
(334 SE2d 371)

BANKE, Chief Judge.

Appellant Leonard Ross, d/b/a Best Dental Laboratory, filed this action against appellee, Dr. Mae T. White, to recover damages in the amount of $479.64 for breach of an alleged sales contract. On September 27, 1984, White filed an answer and counterclaim in which she alleged that Ross had supplied defective goods and sought $3,612.08 in damages for her time, labor, and expenses allegedly incurred as a result of such defects. On this same date, White served Ross with a set of interrogatories. Ross failed to respond to these interrogatories within 30 days; and on December 20, 1984, White filed a motion to compel such responses and to obtain costs and attorney fees pursuant to OCGA § 9-11-37 (a) (2). A show cause hearing was set for January 9, 1985; however, Ross neither appeared at this hearing nor responded to the discovery requests. As a result, the trial court ordered Ross to respond to the interrogatories within 15 days, specifying that failure to do so would result in dismissal of the complaint and entry of a default judgment in favor of White on the counterclaim. Ross was also ordered to pay costs and attorney fees in the amount of $300.

On February 7, 1985, Ross filed a motion to vacate this order, alleging that White's attorney had been informed prior to entry of the order that Ross had accepted a settlement offer which would have resulted in dismissal of both the complaint and the counterclaim. On February 19, 1985, White's attorney responded to this motion by filing an affidavit denying that any settlement had been reached and averring that Ross had made no attempt to settle the case until after the discovery order was issued. White also moved for imposition of sanctions, including dismissal of the complaint and the entry of a default judgment on the counterclaim. A hearing was scheduled on this motion for February 27, 1985. On February 26, 1985, Ross filed answers to the interrogatories. On March 28, 1985, the trial court entered an order denying Ross's motion to vacate the original order, dismissing the complaint, and awarding White a default judgment on the counterclaim for the full amount claimed. The court also reiterated its prior award of costs and attorney fees to White. Ross appeals. *Held*:

1. We reject Ross's contention that the order of January 9 compelling discovery had the effect of imposing sanctions upon him automatically, without affording him an adequate opportunity to answer the interrogatories. White's motion to compel discovery was filed well

after the expiration of the 30-day period in which responses to the interrogatories were required to have been filed (see OCGA § 9-11-33 (a) (2)), and it has been held that the failure of a party to file answers or objections to interrogatories within the statutory period may itself constitute justification for such harsh sanctions as dismissal of the offending party's pleadings or entry of default judgment in favor of the party seeking discovery. See *Mayer v. Interstate Fire Ins. Co.*, 243 Ga. 436 (2) (254 SE2d 825) (1979); *Tompkins v. McMickle*, 172 Ga. App. 62 (2) (321 SE2d 797) (1984). Thus, Ross's additional failure to respond to the order compelling responses to the interrogatories within the time period specified by the court clearly justified the imposition of such sanctions. See *Thornton v. Burson*, 151 Ga. App. 456 (2) (260 SE2d 388) (1979).

2. Ross's contention that the trial court was not authorized to dismiss the complaint and award default judgment on the counterclaim after the interrogatories had been answered is also without merit. The answers were not filed until five months after the interrogatories were propounded, which was 33 days after the deadline set by the court in the January 9th order compelling the responses. Late answers to interrogatories filed after the propounder has filed a motion seeking sanctions do not nullify the motion. See *Danger v. Strother*, 171 Ga. App. 607 (2) (320 SE2d 613) (1984).

3. Ross contends that the trial court's order of March 28 is deficient in that it contains no finding that his failure to respond was wilful. The order contains findings that Ross failed either to respond or object to the interrogatories initially, that he failed to attend the hearing on White's motion to compel discovery, that he failed to comply with the order to respond within the additional 15-day period granted to him, and that he failed to set forth a sufficient excuse for his actions. The trial court's determination that a failure to answer interrogatories is wilful need not be explicitly stated in its order. See *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593 (2) (226 SE2d 742) (1976). "Under the discovery provisions of the Civil Practice Act, the trial judge is granted broad discretion. Historically, it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of such discretion in absence of abuse. [Cits.]" *Tompkins v. McMickle*, supra at 64. Certainly, no such abuse of discretion occurred under the circumstances of the present case.

4. Ross contends that the trial court erred in awarding White default judgment on the counterclaim in the amount sought, without requiring proof of the damages. White concedes that this was error, and we agree. Where a default judgment has been imposed as a sanction pursuant to OCGA § 9-11-37 in an action involving unliquidated damages, evidence must be introduced to establish the amount of such damages. See OCGA § 9-11-55 (a); *House v. Hewett Studios*, 125

Ga. App. 127 (2) (186 SE2d 584) (1971). Since the damages sought by White in his counterclaim are clearly unliquidated, the trial court erred in awarding judgment in his favor for the full amount claimed, without requiring proof thereof.

5. For the above stated reasons, the order of January 9, 1985, requiring Ross to pay $300 costs and attorney fees, is affirmed. The order of March 28, 1985, denying Ross's motion to vacate the order of January 9, 1985, and dismissing his complaint is also affirmed, as is the entry of default judgment against him with respect to his liability on the counterclaim. However, the award of damages on the counterclaim is reversed, and the case is remanded for further proceedings to determine the amount of such damages.

*Judgment affirmed in part and reversed and case remanded in part. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*M. Alvin Levy, D. Merrill Adams*, for appellant.
*Ronald B. Stewart*, for appellee.