A90A0366. CASSIDY v. WILSON et al.
(395 SE2d 291)

BEASLEY, Judge.

Cassidy, defendant to counterclaims of abusive litigation, appeals judgments for plaintiffs Wilson, Marcus and Peachtree Buckhead Associates, after a bench trial. The trial court awarded $1,000 each to Wilson and Marcus for compensatory damages, $4,000 to each of them for punitive damages, and $2,182 to Peachtree Buckhead for damages under an indemnification contract. Cassidy enumerates three grounds of error. 1) Because the cases were previously settled for a valuable consideration, there was an accord and satisfaction and the court should have granted his motion to enforce settlement. 2) There was no basis for an award under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), in that Cassidy did not lack substantial justification or probable cause to believe the truth of the allegations of his counterclaim; that the preponderance of the evidence did not show wilfulness or wanton or reckless disregard of consequences by Cassidy so that as a matter of law there could be no punitive damages. 3) Peachtree Buckhead was not entitled to damages for indemnification because the contract had expired two years before.

Beginning in 1985, Cassidy was a tenant in an apartment com-

plex under a lease agreement with The Four Mid Able Group, d/b/a Bennington Towers, as lessor. In 1987 a dispossessory action was brought against Cassidy by The Four Mid Able Group, later amended to substitute Peachtree Buckhead as its successor in title. Marcus as the attorney representing the landlord was the affiant in the proceedings and Wilson was the managing agent for Bennington Towers.

Cassidy filed an answer which, besides denying the material allegations of the complaint, asserted that The Four Mid Able Group had no standing to sue and that it, Wilson and Marcus had tortiously interfered with Cassidy's civil rights, abused legal process and maliciously prosecuted him in violation of the United States and Georgia Constitutions. He also counterclaimed asserting that plaintiffs had brought a groundless action against him in the false and fraudulent name of one not a party in interest and under circumstances where there was no basis for recovery; that the plaintiffs were aware of these facts and proceeded in wilful, wanton and reckless disregard of Cassidy's constitutional rights; that as a consequence Cassidy suffered mental anguish, past, present and future; that their concurrent acts constituted abusive litigation. Cassidy sought compensatory damages of $50,000, punitive damages of $1,000,000 and attorney fees of $25,000.

Plaintiffs filed *Yost* and OCGA § 9-15-14 abusive litigation counterclaims against Cassidy for filing his counterclaim against them. They asserted there was such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted counterclaim; that Cassidy brought his counterclaim lacking substantial justification, and it was substantially frivolous, groundless and vexatious, filed for no other purpose than to delay proceedings and to harass Wilson and Marcus; that he acted wilfully in conscious disregard of the consequences; that they suffered and will continue to suffer damages. They sought compensatory and punitive damages for Cassidy's conduct.

After discovery began, Cassidy failed to respond to certain interrogatories and to appear for his deposition. Wilson, Marcus and Peachtree Buckhead filed a motion for sanctions under OCGA § 9-11-37. The trial court imposed the sanctions of striking Cassidy's pleadings and declaring him in default. Following a bench trial, the judgment awarded damages to Wilson, Marcus and Peachtree Buckhead.

Where a default judgment has been imposed as a sanction pursuant to OCGA § 9-11-37, the provisions of OCGA § 9-11-55 (a) apply. *House v. Hewett Studios*, 125 Ga. App. 127, 128 (2) (186 SE2d 584) (1971). That means the plaintiff or non-defaulting party is entitled to verdict and judgment by default "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence . . . unless the action is one ex delicto or involves unliqui-

dated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages. . . ." OCGA § 9-11-55 (a).

Because the damages sought in the counterclaim were either unliquidated or ex delicto, the plaintiffs in the abusive litigation counterclaim did have to establish the amount of their damages. *Ross v. White*, 175 Ga. App. 791, 792 (4) (334 SE2d 371) (1985). They were not required to show their entitlement thereto. *House*, supra.

Despite this, much of the trial was cluttered with argument and repetition of the questions involving liability. On appeal, Cassidy continues to assert his lack of liability by means of enumerations of error one and three. Both are without merit, having been foreclosed by the entry of default judgment against him. Also, as to accord and satisfaction, Cassidy sought to introduce the issue for the first time on the day trial began. Accord and satisfaction is an affirmative defense which must be set forth in pleading to a preceding pleading. OCGA § 9-11-8 (c). *Blanchard v. Ga. S. & F. R. Co.*, 117 Ga. App. 858 (1) (162 SE2d 442) (1968). Where not pleaded it is waived. *Leslie v. Solomon*, 141 Ga. App. 673, 674 (1) (234 SE2d 104) (1977). See *Dromedary v. Restaurant Equip. Mfg. Co.*, 153 Ga. App. 103 (264 SE2d 571) (1980). Cassidy is particularly without remedy because even if he had timely raised settlement, the issue would have disappeared when all his pleadings were stricken.

As to enumeration of error two, it addresses three separate grounds, not one as is specified by the Appellate Practice Act. See *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1a) (275 SE2d 142) (1980). Considering it as though properly divided, see OCGA § 5-6-30, we examine the merits of the contentions therein.

No issue is raised as to whether plaintiffs established the amount of damages but only whether as a matter of law damages were permitted. For the reason stated above, the first two contentions carry no weight, insofar as they attempt to reargue liability.

OCGA § 9-15-14 pertains to recovery of litigation costs and attorney fees. It makes no provision for recovery of damages for injury to the peace, happiness or feelings of plaintiff. *Yost* recognizes that other damages may be recovered for abusive litigation, including mental distress. Id. at 95 (10). Of course, there must be wilfulness, or wanton and reckless disregard of consequences which is the equivalent of wilfulness. Because the allegations of wilful actions on the part of Cassidy are established by the default, the trial court was authorized to impose damages under OCGA § 51-12-6 for injuries to the peace, happiness or feelings of Wilson and Marcus. Whether the amount is "correct" or properly supported is not at issue under the enumerations of error advanced by Cassidy.

The question of punitive damages is promptly disposed of by the second sentence of that same code section, OCGA § 51-12-6, which expressly forbids them under §§ 51-12-5 or 51-12-5.1. This was also true before the 1987 amendment adding that sentence. *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (B) (216 SE2d 776) (1975); *Baldwin v. Davis*, 188 Ga. 587, 592 (8) (4 SE2d 458) (1939). The same principle applies to a *Yost* claim, supra at 95 (10), fn. 3. *Vogtle v. Coleman*, 259 Ga. 115, 116 (1) (376 SE2d 861) (1989). Whether or not they are supported by competent evidence is irrelevant.

The judgment is affirmed on condition that the punitive damages awarded to Marcus and Wilson be written off; otherwise reversed for a new trial as to damages only.

*Judgment affirmed on condition. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 31, 1990 —
REHEARING DENIED JUNE 18, 1990 — CERT. APPLIED FOR.

Thomas V. Cassidy, *pro se.*
*Theodore L. Marcus*, for appellees.